DANIEL G. BOGDEN
United States Attorney
District of Nevada
Nevada Bar No. 2137
Daniel D. Hollingsworth
Assistant United States Attorney
Nevada Bar No. 1925
United States Attorney's Office
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *Daniel.Hollingsworth@usdoj.gov*
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:11-CR-166-LRH-(CWH) |
| DIPAK DESAI, M.D, | ) |
| Defendant. | ) |

**GOVERNMENT'S MOTION TO CORRECT CLERICAL ERROR REGARDING THE RESTITUTION AMOUNT IN, AND THE RESTITUTION LIST ATTACHED TO, THE SECOND AMENDED JUDGMENT (ECF NO. 117)**

The government respectfully moves this Court to attach the government's corrected restitution list of victims and loss amount to the Second Amended Judgment (ECF No. 117) (Judgment) and to correct the government's clerical error regarding the loss amount for restitution in the Judgment. When the government submitted the restitution list of victims, page 13 of the restitution list had a loss amount for a victim listed as unknown. The Judgment now has a clerical error, a higher restitution amount than it should.

The grounds for attaching the corrected restitution list of victims to, and lowering the restitution amount in, the Judgment is Fed. R. Crim. P. 36, 18 U.S.C. § 3664(d)(5), *Dolan v. United States*, 560 U.S. 605, 610-11 (2010); and *United States v. Kuo*, 620 F.3d 1158 (9th Cir. 2010).

This Motion is made and is based on the papers and pleadings on file herein and the attached Memorandum of Points and Authorities.

DATED: March 10, 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Daniel D. Hollingsworth*
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF THE CASE

**A. Procedural History**

The grand jury indicted Dipak Desai (Desai) in Count 1 with Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. §§ 371 and 1347; in Counts 2 through 26 with Health Care Fraud in violation of 18 U.S.C. § 1347; and with one Forfeiture Allegation. Desai pled guilty to Counts 1 and 24, agreed to a criminal forfeiture money judgment of $2,213,550, and agreed to restitution of $2,213,550. Indictment, ECF No. 1; Change of Plea, ECF No. 85; Plea Memorandum, ECF No. 86.

At Desai's sentencing, as required by law, this Court ordered the criminal forfeiture money judgment of $2,213,550 and restitution of $2,213,550 and retained jurisdiction for the government to provide the victims' names and their loss amounts. Judgment, ECF No. 110, p. 5; Amended Judgment, ECF No. 111, p. 5; Amended Sentencing Minutes, ECF No. 109.

This Court entered an order authorizing the attachment of the restitution list of victims to the Judgment (ECF No. 116). The Judgment was entered with the restitution list of victims and the restitution amount (ECF No. 117). Page 13 of the restitution list had one of the victims listed as unknown with the loss amount of $121.31. The Judgment now has a clerical error, a higher restitution amount than it should because of the government's clerical error. When the Court Clerk notified the government, it submitted the corrected restitution list of victims, removing the unknown victim and lowering the loss amount. The Rule

36 motion is necessary to correct the restitution amount in the Judgment and to replace the restitution list attached to the Judgment.

**B. Statement of Facts**

Between January 2005 and February 2008, Desai, a physician and the owner of the Endoscopy Center of Southern Nevada (ECOSN), conspired with Tonya Rushing and others to systematically overcharge Medicare, Medicaid, and other private health insurance companies (Private Insurers) for anesthesia billings. Desai caused ECOSN to overstate significantly the amount of time its certified registered nurse anesthetists (CRNAs) spent with patients on a given procedure. Desai required all CRNAs to list at least thirty minutes of anesthesia time in their anesthesia record regardless of the amount of anesthesia time actually spent, even though the CRNAs did not spend close to that amount of face-to-face time with the patient. With Desai's knowledge and at his direction, employees responsible for insurance billing relied on the false CRNAs anesthesia records and Desai's medical records when preparing claims for reimbursement to be submitted to Medicare, Medicaid and Private Insurers. Plea Memorandum, ECF No. 86.

Desai imposed intense pressure on all ECOSN employees to schedule and treat as many patients as possible in a given day. CRNAs at ECOSN's Shadow Lane clinic regularly performed anesthesia on between sixty (60) and eighty (80) patients per day. As a result, the CRNAs almost never spent thirty-one (31) or more minutes with a patient and could not have possibly done so, given the number of patients each day they had to treat. Plea Memorandum, ECF No. 86.

**II. ARGUMENT**

**A. Rule 36 of the Federal Rules of Criminal Procedures allows for correction of clerical errors.**

"After giving any notice it considers appropriate, the court may at any time correct **a clerical error in a judgment**, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added); *see United States v. Kilbride*, 584 F.3d 1240, 1259 (9th Cir. 2009) (explaining that clerical errors in judgments can be corrected under Rule 36); *Olivera–Garcia v. Immigration and Naturalization Serv.*, 328 F.3d 1083, 1086 (9th Cir. 2003) ("The Federal Rules of Criminal Procedure allow district courts to correct clerical errors in their own judgments ....") (citation omitted; ellipsis

added); *Territory of Guam v. Gill*, 61 F.3d 688, 695 (9th Cir. 1995) ("'[T]he government candidly acknowledged responsibility for this clerical error and asked … for its correction.") (brackets and ellipsis added).

This Court has authority to correct the government's clerical error under Rule 36 of the Federal Rules of Criminal Procedure. In this case, the government acknowledges its responsibility for the clerical error concerning the restitution amount and requests this Court to correct the government's mistake by attaching the corrected restitution list of victims and loss amounts to the Judgment and to correct the government's clerical error regarding the loss amount for restitution in the Judgment.

**B. This Court should enter the Corrected Victims' Names and Loss Amounts.**

In fraud cases under the Mandatory Victim Restitution Act (MVRA), this Court lacks discretion to refuse to order restitution. *See United States v. Bright*, 353 F.3d 1114, 1119-23 (9th Cir. 2004); *In re Her Majesty the Queen in Right Of Canada*, 785 F.3d 1273, 1276 (9th Cir. 2015). This Court ordered restitution in this case under 18 U.S.C. § 3663A(a)(1) and (c)(1)(A)(ii). Amended Judgment, ECF No. 111; *see Id.* The MVRA defines victim as "a person directly and proximately harmed as a result of the commission of an offense …." *See* 18 U.S.C. § 3663A(a)(2) (ellipsis added). To receive restitution, the identifiable victim must suffer a pecuniary loss. *See* 18 U.S.C. § 3663A(c)(1)(B). The purpose of restitution is to make the victim whole. *See United States v. Anderson*, 741 F.3d 938, 951 (9th Cir. 2013). Any court ordered restitution is limited to the amount of the victim's actual loss. *Id.* A victim cannot receive more than its actual loss. *See United States v. Rizk*, 660 F.3d 1125, 1137 (9th Cir. 2011). *See* Exhibit 1, Restitution List, attached hereto and incorporated herein by reference as if full set forth herein.

Section 3663A(d)(5) incorporates by reference 18 U.S.C. § 3664, which provides the procedures for this Court to order and to enforce restitution. The pertinent procedure allows this Court to determine the victims and their amounts after sentencing, if necessary. *See* 18 U.S.C. § 3664(d)(5). This Court, pursuant to 18 U.S.C. § 3664(d)(5), reserved and retained jurisdiction to attach the restitution list to the Judgment (ECF No. 110, p. 5) and the Amended Judgment (ECF No. 111, p. 5). Section 3664(d)(5) deadlines do not remove this Court's jurisdiction pursuant to cases of the United States Supreme Court and the Ninth Circuit Court. This Court has jurisdiction to correct the victims' name and their loss amounts.

The Courts of Appeals issued different opinions regarding whether § 3664(d)(5) was jurisdictional. *See Dolan v. United States*, 560 U.S. 605, 609 (2010). In other words, if the time periods in § 3664(d)(5) were missed, some courts held the district court lost jurisdiction to order or to amend the restitution order as to victims and amounts, and other courts held the district court still had jurisdiction to enter or to amend the restitution order. *See Id.*

In *Dolan*, the district "court missed the 90-day statutory deadline." *See Dolan*, 560 U.S. at 609; *Kuo*, 620 F.3d at 1163. The district court entered the restitution after the ninety-day deadline even though he had the restitution information before the 90 days expired. *See Dolan*, 560 U.S. at 609; *Kuo*, 620 F.3d at 1163. The United States Supreme Court discussed three types of deadlines: "jurisdictional", "claims-processing rules", and "a deadline [that] seeks speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed." *See Dolan*, 560 U.S. at 610-11 (citations omitted; brackets added).

The United States Supreme Court held a district court does not lose jurisdiction if it misses the 90-day deadline under § 3664(d)(5) because it is a speed seeking deadline. *See Dolan* 560 U.S. at 608 and 611; *Kuo*, 620 F.3d at 1162-63. "The fact that a sentencing court misses the statute's 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." *See Dolan* 560 U.S. at 611. This is especially true where the district court "made clear prior to the deadline's expiration that it would order restitution …." *See Dolan*, 560 U.S. at 608 (ellipsis added); *Kuo*, 620 F.3d at 1162-63.

In *Kuo*, after the remand, the Ninth Circuit Court found the district court had made clear to the plaintiff and the defendant before the deadline expiration that he would order restitution. *See Kuo*, 620 F.3d at 1162. Although the Judgment did not have the box checked stating that restitution was ordered and the amount would be determined later, the district court had orally ordered it at sentencing. *See Id.* at 1163. Where the district court makes an oral announcement at sentencing and the written Judgment is different, the oral sentence controls as long as it is unambiguous. *See Id.* Since the district court unambiguously made it clear it would order restitution, the district court reserved its jurisdiction to order restitution at a later time. *See Id.*

5

In this case, this Court ordered the restitution and reserved jurisdiction for the government to provide the victims' names and their loss amounts. Judgment, ECF No. 110, p. 5; Amended Judgment, ECF No. 111, p. 5; Amended Sentencing Minutes, ECF No. 109. This Court retains jurisdiction, under case law, § 3664(d)(5), and Rule 36 of the Federal Rules of Criminal Procedure, to attach the corrected restitution list of victims and the loss amounts to the Second Amended Judgment (ECF No. 117) because this Court does not lose jurisdiction after the 90-day deadline and because a clerical correction can occur "at any time." Fed. R. Crim. P. 36; *United States v. DeLuca*, 692 F.2d 1277, 1286 (9th Cir. 1982) (explaining that "a clerical error … may be corrected at any time.") (citation omitted; ellipsis added).

The defendant's payments to the District Court Clerk are disbursed in the following priority: (1) penalty assessment, (2) restitution to non-government victims, (3) restitution to government victims, (4) and "all other fines, penalties, costs, and other payments required under the sentence." 18 U.S.C. §§ 3612(c) and 3664(i).

Based on these reasons, this Court should attach the government's corrected restitution list of victims and loss amount to the Judgment and correct the government's clerical error regarding the loss amount for restitution in the Judgment.

**C. The Entry of the Victims' Names and Losses Does not Impact the Forfeiture Order.**

To be clear, the government does not request this Court vacate the ordered forfeiture when it attaches the corrected restitution list of victims and loss amount to the Judgment. The government requests the forfeiture remain ordered, as required under the law, and the restitution remain ordered, as required under the law, when the corrected restitution list is attached.

Just as this Court lacks discretion to refuse to order restitution under the MVRA, so also does this Court lack discretion to refuse to order forfeiture in the amount of the criminal proceeds or to order the reduction or elimination of a forfeiture order. *See United States v. Newman*, 659 F.3d 1235, 1239-40 (9th Cir. 2011); *United States v. Boulware*, 384 F.3d 794, 813 (9th Cir. 2004) (holding "The district court did not err in failing to reduce the amount of the forfeiture[]" because defendant had paid back some of the restitution.) (brackets added).

6

"Criminal forfeiture is separate from the discretionary sentencing consideration under 18 U.S.C. § 3551" which incorporates by reference the sentencing factors of 18 U.S.C. § 3553(a)). *See Id.* at 1240. Forfeiture is separate and distinct from, and is in additional to, discretionary statutory sentencing considerations: mandatory penalty assessments, fines, and restitution. *See Id.* Forfeiture and restitution serve completely different purposes. *See Id.* at 1241. The purpose of restitution is to make the victims whole by restoring to them the losses the defendant's crime caused. *See Id.* The district courts order forfeiture and restitution. *See Id.*; *Boulware*, 384 F.3d at 813 (explaining that district court orders restitution and forfeiture); *United States v. Feldman*, 853 F.2d 648, 663–64 (9th Cir. 1988) (same).

Paying forfeiture and restitution is not double recovery. *See Newman*, 659 F.3d at 1241; *United States v. Davis*, 706 F.3d 1081, 1082-84 (9th Cir. 2013).

Additionally, this Court should not reduce or offset the restitution and should not order forfeited property to pay the restitution. *See Boulware*, 384 F.3d at 813; *Bright*, 353 F.3d at 1119-23; *Newman*, 650 F.3d at 1241. Even if the district court ordered the forfeited property pay restitution, the government would step into the shoes of the paid victims as a subrogee of their restitution claims. *See Bright*, 353 F.3d at 1122; 18 U.S.C. § 3664(j) (if a victim receives compensation for the loss from any other source, "the court shall order that restitution be paid to the person who provided … the compensation ….") (ellipses added).

Congressional intent is that the executive branch of the government determines whether forfeited property will pay restitution. Congress specifically authorized the United States Attorney General to exercise discretion on whether to provide forfeited property assets to victims. 18 U.S.C. §§ 981(e)(6), 982(b)(1), and 1963(g) and(h); 21 U.S.C. § 853(h) and (i); 28 C.F.R., Part 9; *United States v. MacInnes*, 223 F. App'x 549, 553 n.3 (9th Cir. 2007) (explaining that the statutes and C.F.R. authorize the Attorney General to determine whether to provide relief to victims.).

The government currently has no forfeited property but has a criminal forfeiture money judgment of $2,213,550. Second Amended Judgment, ECF No. 117. The government has the ability to locate a defendant's assets and substitute and forfeit them. *See* Fed. R. Crim. P. 32.2(b)(3) and (e); 21 U.S.C. § 853(m) and (p).

After the government meets the requirement of substitution and forfeiture and the court issues the order, the government sends direct notice to any person who is known to have alleged an interest in the forfeited property or reasonably appears to be a potential petitioner with standing to contest the forfeiture in the ancillary proceeding on facts known to the government before the end of the sixty day publication. *See* 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6); the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(4)(b)(i), (iii), and (v); *United States v. Power Co., Inc.*, 2:06-CR-00186-PMP-PAL, 2008 WL 612207, 3 (D. Nev. 2008).

The government also notifies the public by publishing at www.forfeiture.gov a Notice of Forfeiture. *See* 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6)(A) and (C); Fed. R. Civ. P. Supp. Rule G(4)(a)(iii) and (iv); *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2007); *Power Co.*, 2008 WL 612207 at 3.

If the government prevails in the substitution and forfeiture and when the Amended Final Order of Forfeiture is entered, the government can pursue the executive branch procedure of restoration to pay the restitution to the victims. 18 U.S.C. §§ 981(e)(6), 982(b)(1), and 1963(g) and(h); 21 U.S.C. § 853(h) and (i); 28 CFR, Part 9; *MacInnes*, 223 F. App'x 549, 553 n.3. This decision is within the sole discretion of the United States Attorney General or her designee. The United States Attorney General has returned more than $4 billion in civilly and criminally forfeited funds to crime victims since fiscal year 2002, with $723 million paid to over 150,000 crime victims in the last three years alone.

To exercise the executive branch procedure, the corrected restitution list must be attached to the Judgment.

Additionally, pursuant to this Court's Amended Sentencing Minutes (ECF No. 109), the victims' addresses were previously submitted separately to the District Court Clerk.

///
///
///
///
///

8

**III. CONCLUSION**

Based on the foregoing, this Court should attach the government's corrected restitution list of victims' named and loss amounts to the Judgment and correct the loss amount for restitution to $2,213,439.01 in the Judgment.

DATED: March 10, 2016.

                                        Respectfully submitted,

                                        DANIEL G. BOGDEN
                                        United States Attorney

                                        */s/*Daniel D. Hollingsworth
                                        DANIEL D. HOLLINGSWORTH
                                        Assistant United States Attorney

**PROOF OF SERVICE**

A copy of the foregoing was served upon counsel of record via Electronic Filing on March 10, 2016.

> */s/ Michelle C. Lewis*
> MICHELLE C. LEWIS
> Paralegal Specialist